United States Courts
Southern District of Texas
FILED

JUL 3 1 2009

Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 08-37782 |
| | § | |
| ALPHA RED, INC., | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| DOUGLAS J. BRICKLEY, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF ALPHA RED, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. _____ |
| | § | |
| MYRIAD SUPPLY COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | |

## TRUSTEE'S ORIGINAL COMPLAINT AGAINST MYRIAD SUPPLY CO., LLC

Plaintiff, Douglas J. Brickley, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Alpha Red, Inc. (the "Debtor"), hereby files the Trustee's Original Complaint (the "Complaint") against Defendant Myriad Supply Co., LLC ("Myriad") initiating this adversary proceeding (the "Adversary"), and alleges as follows:

### I.    NATURE OF ACTION

1.    By this Complaint, the Trustee seeks declaratory and affirmative relief against Defendant Myriad, declaring Myriad's alleged leases to be unperfected security interests, not true leases, which the Trustee can avoid.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action and the claims asserted herein pursuant to 28 U.S.C. §§ 157 and 1334, in that this action arises under, arises in and/or relates to

a case pending under Chapter 7 of the Bankruptcy Code.

3. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (K), and (O). Accordingly, this Court may enter final orders and judgments under 28 U.S.C. § 157.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), because the Case is pending in this District.

### III. PARTIES

5. On December 3, 2008 (the "Petition Date"), the Debtor initiated the above-referenced bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

6. On December 11, 2008, the Court entered an order appointing Mr. Brickley as chapter 11 trustee for the Debtor.

7. Ultimately, Mr. Brickley determined that the business was administratively insolvent and that the case should be converted to a case under chapter 7 of the Bankruptcy Code. On December 23, 2008 (the "Conversion Date"), the Court entered an order converting the case to a case under chapter 7. The U.S. Trustee appointed Mr. Brickley as the Chapter 7 Trustee.

8. The Trustee brings this action in his capacity as the Trustee of the Estate and can be served through his counsel Christopher Adams, Okin Adams & Kilmer LLP, 1113 Vine St., Suite 201, Houston, Texas 77002.

9. Myriad Supply Co., LLC is a New York limited liability company which may be served with this Complaint pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure

by serving its registered agent for service of process, Andrew Fisher, via first class U.S. Mail, postage prepaid, at 650 Madison Avenue, 9th Floor, New York, New York 10022.

### IV. BACKGROUND

10. Debtor, Alpha Red, Inc., is a Texas corporation with its principal place of business in Houston, Harris County, Texas.

11. From October 17, 2006 to September 17, 2008, Debtor entered into fifty-three (53) transactions with Defendant purporting to lease certain pieces of networking equipment for use in Debtor's business in Houston, Texas. However, the alleged leases were not true leases, but were instead secured financing transactions disguised as leases. True and correct copies of the Sales Invoices for the transactions at issue are attached hereto as Exhibit A and are incorporated by reference herein.

12. Other than the Sales Invoices attached as Exhibit A, there are no lease agreements or lease contracts executed by Debtor and Defendant memorializing the terms and conditions of the parties' purported leases of the subject personal property. Thus, the terms of the Sales Invoices control, and those terms demonstrate that the transactions at issue are secured financing transactions disguised as leases.

13. Section 1.203 of the Texas Business & Commerce Code provides that a determination of whether a transaction in the form of a lease creates a lease or security interest is determined by the facts of each case. That section further provides that a security interest is created when the lessee cannot terminate the lease early and one of the following four conditions is met: (a) the original term of the lease is equal to or greater than the remaining economic life of the goods; (b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods; (c) the lessee has an option to renew the lease for

the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or (d) the lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement. *See* TEX. BUS. & COM. CODE ANN. § 1.203(b)(1)—(4).

14. In this case, each of the Sales Invoices states that "[a]ll sales final" and that "[r]eturns / exchanges are at the discretion of Myriad Supply." Thus, the purported leases were not subject to termination by the Debtor. Further, each of the leases satisfied one or more of the factors listed in § 1.203(b). For example, it will be shown that in many of the transactions at issue: the original term of the lease is equal to or greater than the remaining economic life of the goods; the Debtor had the option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or that Debtor had the option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.

15. Because the subject transactions are not true leases, perfection of a security interest in the personal property at issue is governed by laws of the State of Texas, the jurisdiction in which the Debtor is organized. TEX. BUS. & COM. CODE ANN. § 9.301. Therefore, the Texas UCC governs the issue of whether Defendant properly perfected its security interest in the personal property collateral made the basis of this action.

16. Under § 9.310 of the Texas UCC, a financing statement must be filed to perfect all security interests except where the UCC mandates another mechanism for perfection, such as by possession or control.

17. In order to perfect a security interest in the personal property covered by the subject transactions, Defendant was required to file a financing statement with the appropriate state office of Texas, the jurisdiction in which Debtor is organized.

18. Defendant failed to file timely file a UCC financing statement in the appropriate jurisdiction, rendering its liens on the personal property collateral made the basis of this action unperfected.

## V.  COUNT 1 – DECLARATORY JUDGMENT

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20. A justiciable controversy exists between Plaintiff and Defendant regarding whether the transactions at issue are true leases or secured financing transactions disguised as leases.

21. Therefore, Plaintiff seeks an order pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001, declaring that:

   a. The transactions at issue are secured financing transactions, not true leases;

   b. Defendant's security interests or liens in the subject personal property collateral are unperfected;

   c. Defendant's unperfected security interests or liens are avoided by the Trustee under applicable law; and

   d. The transfers or liens avoided herein under section 544 are automatically preserved for the benefit of the estate.

## VI.  COUNT 2 – AVOIDANCE OF LIENS

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 21 above as if fully set forth herein.

23.     Pursuant to section 544(a) of the Bankruptcy Code, the Trustee shall have, as of the Petition Date, without regard to any knowledge of the Trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by: (1) a creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; or (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the Debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

24.     Because Defendant's security interests or lien in the personal property collateral were unperfected as of the Petition Date, such interests or liens may and should be avoided by Trustee pursuant to §§ 544(a)(1) and/or 544(a)(2) of the Bankruptcy Code.

25.     Finally, the transfers or liens avoided herein by the Trustee are automatically preserved for the benefit of the bankruptcy estate of Alpha Red, Inc. pursuant to § 551 of the Bankruptcy Code.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Douglas J. Brickley, Chapter 7 Trustee for the Estate of Alpha Red, Inc., respectfully requests that the Court enter judgment in favor of Plaintiff: (a) declaring the transactions at issue to be secured financing transactions, not true leases; (b) declaring Defendant's security interests or liens in the subject personal property collateral to be unperfected and of no force and effect; (c) avoiding Defendant's security interests or liens under

§§ 544(a)(1) and/or 544(a)(2) of the Bankruptcy Code; (d) declaring that the transfers or liens avoided herein are automatically preserved for the benefit of the estate; and (e) awarding the Trustee such other and further relief, both at law and in equity, to which he is justly entitled.

Dated: July 31, 2009.

Respectfully Submitted,

**OKIN ADAMS & KILMER LLP**

By: /s/ *Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email: cadams@oakllp.com
Brian D. Roman
Texas Bar No. 24037386
Email: broman@oakllp.com
1113 Vine St., Suite 201
Houston, Texas 77002
Tel. (713) 228-4100
Fax (888) 865-2118

**ATTORNEYS FOR THE CHAPTER 7 TRUSTEE**