IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 08-37782 |
| | § | |
| ALPHA RED, INC., | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| DOUGLAS J. BRICKLEY, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF ALPHA RED, INC., | § § § § | |
| Plaintiff, | § § | |
| vs. | § | ADVERSARY NO. 09-3299 |
| | § | |
| MYRIAD SUPPLY COMPANY, LLC, | § § | |
| Defendant. | § § | |

**DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 9019
TO COMPROMISE CONTROVERSY WITH MYRIAD SUPPLY COMPANY, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Douglas J. Brickley, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Alpha Red, Inc. (the "Debtor"), hereby files this Motion Pursuant to Bankruptcy Rule 9019 to Compromise Controversy with Myriad Supply Company, LLC (the "Motion"), and in support thereof, respectfully submit as follows:

## I.
## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted in accordance with the provisions of Federal Rule of Bankruptcy Procedure 9019.

## II.
## BACKGROUND

2. On December 3, 2008 (the "Petition Date"), the Debtor initiated the above-referenced bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3. On December 11, 2008, the Court entered an order appointing Mr. Brickley as chapter 11 trustee for the Debtor.

4. Ultimately, Mr. Brickley determined that the business was administratively insolvent and that the case should be converted to a case under chapter 7 of the Bankruptcy Code. On December 23, 2008 (the "Conversion Date"), the Court entered an order converting the case to a case under chapter 7. The U.S. Trustee appointed Mr. Brickley as the Chapter 7 Trustee.

5. On July 29, 2009, counsel for the Trustee sent a demand letter to Myriad Supply Company, LLC ("Myriad") seeking recovery of an alleged $50,000.00 preference payment received by Myriad on September 19, 2008.

6. Shortly thereafter, on July 31, 2009, the Trustee filed an adversary proceeding (Cause No. 09-3299, the "Myriad Adversary") against Myriad seeking declaratory and affirmative relief against Myriad in connection with certain networking equipment provided to Debtor by Myriad. Myriad answered on August 28, 2009, asserting several affirmative defenses to Trustee's claims.

7. The Trustee and Myriad (the "Parties") then began negotiating a global settlement that would encompass all of the claims in the Myriad Adversary and the preference demand. Having reached such an agreement, the Parties file this Motion seeking the Court's approval of their agreement.

## III.
## THE PROPOSED COMPROMISE

8. Subject to the Court's approval, the Trustee and Myriad have agreed to the following compromise and settlement: (a) Trustee will return to Myriad all of the equipment listed in **Exhibit A** attached and incorporated herein for all purposes; (b) Myriad will inspect the equipment to ensure that it is in good and working condition;[1] (3) should any of the equipment not be in good and working condition, any item not working that was listed on **Exhibit A** will be deducted from the $80,000 payment in accordance with the values assigned in **Exhibit B** attached and incorporated herein for all purposes; (4) for any missing equipment listed on **Exhibit C** attached and incorporated herein for all purposes, or that is not found otherwise that is located by the Parties shall be sold by agreement with the net proceeds split equally (50% each)

---

[1] Myriad shall have fifteen (15) days to make its determinations regarding the equipment's condition.

between the Parties; (5) Myriad will be responsible and shall pay any and all packing and shipping costs associated with transporting the equipment from the Trustee to Myriad; (6) Myriad shall sell all of the equipment in a commercially reasonable manner, keeping all of the proceeds generated by any such sale(s); (7) upon entry of this Court's Order Granting the Motion, Myriad shall wire transfer $40,000.00 to the Trustee; (8) upon the Parties' agreement as to the condition of equipment, Myriad shall wire transfer an additional $40,000.00 to the Trustee; and (9) after receipt of payment in full of $80,000.00, the Trustee shall within ten days (a) file an agreed motion to dismiss the Myriad Adversary and (b) enter into a settlement agreement and mutual release in connection with the preference demand.

## IV.
## STANDARDS FOR APPROVING COMPROMISES AND SETTLEMENTS

9. The Court has the discretionary authority to approve a compromise of a controversy pursuant to Bankruptcy Rule 9019(a). *Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilots Ass'n Int'l, (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990). A trustee or debtor may compromise claims in the administration of the estate with the approval of the court, after notice and hearing. FED. R. BANKR. P. 9019(a). Whether to approve a compromise is a matter within the sound discretion of the Bankruptcy Court. *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984); *American Employers Ins. Co. v. King Resources Co.*, 556 F.2d 471 (10th Cir. 1977).

10. The following factors should be considered in determining the reasonableness of a settlement agreement:

    (i)     the probability of success in the litigation;

    (ii)     the difficulty in collecting any judgment which may be obtained;

4

    (iii)  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attendant to it; and

    (iv)  the interests of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See Protective Comm.*, 390 U.S. at 424-25. This approach seeks to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement.

  11.  The approval of a proposed settlement does not depend on the establishment of a claim by or against a debtor as a matter of legal certainty. *Fla. Trailer & Equip. Co. v. Dial*, 284 F.2d 567 (5th Cir. 1960). The court need only make an "informed, independent judgment" apprizing itself "of all facts necessary for an intelligent and objective opinion of the probability of ultimate success should the claim be litigated." *Protective Comm.,* 390 U.S. at 425. It is sufficient that the court determine the claim has substantial basis and is not patently invalid as a matter of law, or that the outcome of the claim's litigation is in doubt. *In re Walsh Constr., Inc.*, 669 F.2d 132 (5th Cir. 1982).

  12.  The foregoing factors strongly favor granting the Motion. Although the Trustee believes that it has a high probability of succeeding on the merits in the Myriad Adversary and the potential preference adversary proceeding against Myriad, these probabilities are greatly outweighed by the complexity, expense, inconvenience and delay associated with obtaining a judgment through the trial process. Further, the Trustee is of the opinion that the guaranteed recovery under the proposed agreement could well be greater than any potential recoveries in the lawsuits when one factors in costs, fees, and the time value of money. Finally, the proposed settlement is in the best interests of the creditors because provides the estate with guaranteed

funds in a significantly shorter time period at significantly less costs than it would take to obtain the same through the litigation process.

## V.
## PAYMENT OF ATTORNEY'S FEES

13. With regard to preference actions, the Trustee's amended engagement letter with Okin Adams & Kilmer LLP ("OAK") provides that OAK shall receive a contingency fee based upon the amount recovered and the stage of litigation. The amended engagement letter, that was approved by this Court, set forth the following in connection with OAK's contingent fee:

  a. Thirty-five percent (35%) of any judgment rendered at trial;

  b. Twenty-five percent (25%) of settlement amount if settled before commencement of trial, but after initiation of adversary proceeding; and

  c. Ten percent (10%) of settlement amount if settled before initiation of adversary proceeding.

14. In this case, the Trustee initiated the above captioned adversary against Myriad; however, Parties reached the above described settlement prior to trial. Therefore, according the Court-approved amended engagement letter, OAK is entitled to a twenty-five percent (25%) contingency fee for any amounts received from Myriad related to this settlement.

15. Accordingly, Trustee requests that the Court approve OAK's contingent fee in the amount of twenty-five percent (25%) for any amounts received from Myriad and further order that Trustee can remit payment to OAK without further approval or order of this Court.

WHEREFORE, the Trustee and Myriad respectfully request that the Court enter an order approving the proposed compromise and settlement and grant such other and further relief as is just and proper.

Dated this 31st day of December, 2009.

           Respectfully submitted,

           **OKIN ADAMS & KILMER LLP**

           By: /s/ *Christopher Adams*
           Christopher Adams
           Texas Bar No. 24009857
           Email: cadams@oakllp.com
           Brian D. Roman
           Texas Bar No. 24037386
           Email: broman@oakllp.com
           1113 Vine St., Suite 201
           Houston, Texas 77002
           Tel. (713) 228-4100
           Fax (888) 865-2118

           **ATTORNEYS FOR THE CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing will be served upon the parties on the attached Service List by electronic mail, overnight delivery or U.S. Mail on this 31st day of December, 2009.

           /s/ *Christopher Adams*
           Christopher Adams

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ALPHA RED, INC. | § | Case No. 08-37782 |
| | § | |
| Debtor. | § | (Chapter 7) |
| | § | |

## SERVICE LIST

**Debtor**
Alpha Red, Inc.
1415 Louisiana, Suite 2220
Houston, Texas 77002

**Chapter 7 Trustee**
Douglas Brickley
LECG, LLC
One Houston Center
1221 McKinney Street, Suite 2850
Houston, Texas 77010

**Chapter 7 Trustee's Attorney**
Christopher Adams
1113 Vine Street, Suite 201
Houston, Texas 77002

**US Trustee**
Hector Duran
Office of the US Trustee
151 Rusk Street, Suite 3516
Houston, Texas 77002

**Internal Revenue Service**
Internal Revenue Service Center
Memphis, Tennessee 38101

**Secured Lender**
V.S.N. Produktie B.V.
c/o Jan J.H. Joosten, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

**20 Largest Creditors**
Cogent Communications
1015 31st Street, NW
Washington, DC 20007

Internal Revenue Service
Internal Revenue Service Center
Memphis, TN 38101

Level (3) Communications
Department 182
Denver, CO 80291

Telefonica Int'l Wholesale Services S.L.
Edificio Oeste1, planta 2-28050
Madrid Spain

First Equipment Company
4851 Keller Springs Road
Addison, TX 75001

Switch and Data
1715 N. Westshore Blvd.
Tampa, FL 33607

XO Communications
8851 Sandy Parkway
Sandy, UT 84070

Colo4Dallas
4347 W NW Highway, Suite 120-295
Dallas, TX 75220

Toshiba International Corporation
13131 West Little York Road
Houston, TX  77041

Hurricane Electric LLC
760 Mission Court
Fremont, CA  94539

Myriad Supply
Mark B. Hosny
10 West 18th Street
New York, NY 10011

Fiberlight, LLC
3655 Brookside Parkway
Alpharetta, GA  30022

Global Capacity Group
730 Post Oak
Houston, TX  77024

Dell Marketing Services L.P.
P.O. Box 676021
c/o Dell USA, L.P.
Dallas, TX  75267

UCM/GP-1301 Fannin
P.O. Box 840560
Dallas, TX  75284

AEL Financial, LLC
P.O. Box 88046
Milwaukee, WI  53288

Packet Exchange
c/o Washington Mutual Bank
152000 W. Sunset Blvd.
Pacific Palisades, CA  90272

Tech Lease, LLC
1702 DeVaul Ranch Road
San Louis Obispo, CA  93405

Dell Financial Services
One Dell Way
Round Rock, TX  78682

Fisk Electric Company
P.O. Box 4417
Houston, TX   77210

**Noticed Parties**
MEGAUPLOAD, Ltd.
c/o Marcy E. Kurtz
Chris S. Tillmanns
Bracewell & Guiliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002

James R. McCreary IV
103 S. Seasons Trace
Spring, Texas  77382

Deborah S. Ashen
Law Offices of Deborah S. Ashen, Ltd.
217 N. Jefferson Street, Suite 600
Chicago, IL 60661

Paula Selis
Senior Counsel
Attorney General's Office
800 5th Avenue, Suite 2000
Seattle, WA 98104

David Mainard Nuergler
McFatridge Baker et al.
2228 Mechanic #220
Galveston, Texas 77550-1591

Deidre Carey Brown
McGinnis, Lochridge & Kilgore LLP
1221 McKinney Street, Suite 3200
Houston, Texas 77010

Robert C. Scruggs
King, Krebs & Jurgens, PLLC
6363 Woodway, Suite 820
Houston, Texas 77057

Robert J. Burvant
King Krebs & Jurgens, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170

Law Offices of Jay Dushkin
4615 Southwest Freeway, Suite 600
Houston, Texas 77027

Munsch Hardt Kopf & Harr, P.C.
Attn: Randall Rios
700 Louisiana, Suite 4600
Houston, Texas 77002

Joseph G. Epstein
Winstead P.C.
1100 JP Morgan Chase Tower
600 Travis
Houston, TX 77002

Jessica L. Hickford
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenway Plaza, Suite 1400
Houston, Texas 77046

Jeffrey M Hirsch
Schlanger Silver, et. al.
109 N Post Oak Lane, Suite 300
Houston, TX 77024

Wayne Kitchens
Hughes Watters & Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002

Sabrina L. Streusand
Streusand & Landon, LLP
515 Congress Avenue, Suite 2523
Austin, TX 78701

Carrier Rental Systems, Inc.
c/o Ed Jutila
One Carrier Place
P.O. Box 4015
Farmington, Connecticut 06034-4015

Champion Energy Services, LLC
13831 NW Freeway, Suite 250
Houston, Texas 77040