IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | CASE NO. 08-37782 |
| ALPHA RED, INC., § | | Chapter 7 |
| Debtor. § | | |
| DOUGLAS J. BRICKLEY, § | | |
| CHAPTER 7 TRUSTEE OF THE § | | |
| BANKRUPTCY ESTATE OF § | | |
| ALPHA RED, INC., § | | |
| Plaintiff, § | | |
| vs. § | | ADVERSARY PROCEEDING NO. 10-_____ |
| BENJAMIN PANNELL, § | | |
| Defendants. § | | |

**TRUSTEE'S ORIGINAL VERIFIED COMPLAINT**

Plaintiff, Douglas J. Brickley, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Alpha Red, Inc. (the "Debtor"), hereby files the Trustee's Original Verified Complaint (the "Complaint") initiating this adversary proceeding (the "Adversary"), and alleges as follows:

**I.   PARTIES**

**A.   THE PLAINTIFF**

1.   On December 3, 2008 (the "Petition Date"), the Debtor initiated the above-referenced bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

2.   On December 11, 2008, the Court entered an order appointing Mr. Brickley as

Chapter 11 trustee for the Debtor.

3. Ultimately, Mr. Brickley determined that the business was administratively insolvent and that the case should be converted to a case under Chapter 7 of the Bankruptcy Code. On December 23, 2008 (the "Conversion Date"), the Court entered an order converting the case to a case under Chapter 7. On that same day, the United States Trustee appointed Mr. Brickley as the interim Chapter 7 Trustee.

4. The Trustee brings this action in his capacity as the Trustee of the Estate and can be served through his counsel Christopher Adams, Okin Adams & Kilmer LLP, 1113 Vine St., Suite 201, Houston, Texas 77002.

### B. THE DEFENDANT

5. Benjamin Pannell ("Pannell" or "Defendant") was the Debtor's Chief Operating Officer (the "COO").[1] Pannell may be served with process by first-class mail by serving him at his last know residential address at 12500 Barker Cypress Road 21206; Cypress, Texas 77429-8400.

### II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this action arises under, arises in and/or relates to cases pending under Chapter 7 of the Bankruptcy Code.

7. The Defendant is subject to personal jurisdiction in this Court.

8. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E), (H), and (O). Accordingly, this Court may enter final orders and judgments under 28 U.S.C. § 157.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and/or 1409, because the Case is pending in this District.

---

[1] See Exhibit A, McCreary Deposition Transcript, Vol. I at pages 19-21.

10. The Court has authority to grant the relief requested in this Complaint pursuant to Sections 105, 541, 544, 547, 548, and 550 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 7065, as well as other applicable statutes and state law.

### III.   FACTUAL BACKGROUND

#### A.  THE EVENTS LEADING TO BANKRUPTCY

11. The Debtor was an internet hosting company with data centers located in Houston and Dallas. The company's corporate headquarters were located in downtown Houston.

12. Benjamin Pannell was the Debtor's COO (the "COO").[2] As COO, Pannell was in charge of financial operations, office management, data center operations, maintenance, and human resources issues.[3] Pannell was also a signatory on the Debtor's accounts.[4] James Reed McCreary IV ("McCreary") is an 82% shareholder of the Debtor and was the Debtor's Chief Executive Officer (the "CEO").[5]

13. MEGAUPLOAD, LTD. ("MEGAUPLOAD") was the Debtor's largest customer. Prior to the Petition Date, MEGAUPLOAD presented to the Harris County District Court, 164th Division (the "State Court"), its Plaintiff's Original Petition and Emergency Application for Appointment of Receiver and Emergency Application for Temporary Restraining Order against the Debtor and McCreary (the "Receiver Petition"). MEGAUPLOAD stated in the Receiver Petition that, upon information and belief, McCreary had not only abandoned the Debtor, but, also, fled the United States of America taking approximately $875,000 of the Debtor's money and approximately $1 million of other customers' money.

---

[2] See Exhibit A, McCreary Deposition Transcript, Vol. I at pages 19-21.
[3] *Id*.
[4] *Id*., Vol. II at pages 158-62.
[5] *Id*., Vol. I at pages 19-21.

3

14. Additionally, upon information and belief, immediately prior to abandoning the Debtor, Pannell and McCreary transferred over $2.7 million from the Debtor's Chase bank account to McCreary's personal bank account in Hong Kong. Upon information and belief, at or near the same time, Pannell and McCreary also transferred over $33,000.00 from the Debtor's Chase bank account to Pannell.[6] Upon information and belief, within the two (2) years prior to the Petition Date, more than $72,000.00 of the Debtor's funds was transferred to or for the benefit of Pannell.[7]

15. The State Court appointed Douglas J. Brickley as receiver ("Receiver")[8] on October 24, 2008. Upon his appointment, the Receiver immediately posted a notice of the receivership on the Debtor's website and sent a notice via email to all of the Debtor's customers. The Receiver's widely broadcast priority was the maintenance of any ongoing legitimate business operations, and the securing of receivership assets and receivership records.

### B.  THE BANKRUPTCY FILING

16. The Receiver ultimately determined that a bankruptcy filing was the most viable alternative and retained the law firm of Okin Adams & Kilmer LLP to advise him and assist him in filing the Chapter 11 proceeding. Upon filing Chapter 11, the United States Trustee and the Receiver agreed to the appointment of a Chapter 11 Trustee in this case. On December 11, 2008, the Court entered an order appointing Mr. Brickley as Chapter 11 Trustee for the Debtor. Mr. Brickley, in his capacity as Chapter 11 Trustee for the Debtor, operated the business and attempted to locate a purchaser of the ongoing concern. However, customers of the Debtor

---

[6] See Exhibit B, Chase Bank Records 12/01/2007-10/31/2008; Exhibit D, 10/2008 Emails.
[7] See Exhibits B, Chase Bank Records 12/01/2007-10/31/2008; Exhibit C, Chase Bank Records 12/01/2006-10/31/2007; Exhibit D, 10/2008 Emails; Exhibit E, 03/2006 Emails.
[8] For purposes of this background section, Mr. Brickley is referred to as "Receiver," however, for purposes of the remainder of the Complaint, Mr. Brickley is referred to as "Trustee."

terminated their business arrangements with the Debtor and collections of past due accounts receivable proved more difficult than anticipated.

17.     Ultimately, Mr. Brickley determined that the business was administratively insolvent and that the case should be converted to a case under Chapter 7 of the Bankruptcy Code. On December 23, 2008, the Court entered an order converting the case to a case under Chapter 7. On that same day, the United States Trustee appointed Mr. Brickley as the interim Chapter 7 Trustee.

### C. THE TRANSFERS

18.     Upon information and belief, Pannell, an insider of the Debtor, received transfers including the following (the "Preferential Transfers") from funds of the Debtor on or about the dates and amounts set forth below:[9]

| | | | |
|---|---|---|---|
| (a) | 10/03/2008 | Check No. 4493 | $33,000.00 |
| (b) | 10/03/2008 | Check No. 10914 | $1,610.05 |
| (c) | 09/25/2008 | Check No. 10883 | $860.06 |
| (d) | 09/08/2008 | Check No. 10848 | $1,060.06 |
| (e) | 08/26/2008 | Check No. 10815 | $598.20 |
| (f) | 08/01/2008 | Check No. 10756 | $598.20 |
| (g) | 07/22/2008 | Check No. 10723 | $798.20 |
| (h) | 07/01/2008 | Check No. 10685 | $598.20 |
| (i) | 06/13/2008 | Check No. 10656 | $798.19 |
| (j) | 05/14/2008 | Check No. 10595 | $798.20 |
| (k) | 05/05/2008 | Check No. 10530 | $268.19 |
| (l) | 05/05/2008 | Check No. 10562 | $162.91 |

---

[9] See Exhibit B, Chase Bank Records 12/01/2007-10/31/2008.

|     |            |                |          |
|-----|------------|----------------|----------|
| (m) | 04/04/2008 | Check No. 10502 | $598.20 |
| (n) | 03/20/2008 | Check No. 10474 | $798.20 |
| (o) | 03/03/2008 | Check No. 10447 | $598.20 |
| (p) | 02/15/2008 | Check No. 10422 | $798.19 |
| (q) | 01/28/2008 | Check No. 10400 | $598.20 |
| (r) | 01/09/2008 | Check No. 10379 | $798.20 |
| (s) | 12/21/2007 | Check No. 10359 | $595.99 |
| (t) | 12/21/2007 | Check No. 10339 | $795.99 |
| (u) | 12/06/2007 | Check No. 10319 | $595.98 |
| (v) | 12/06/2007 | Check No. 10300 | $438.21 |

19. In addition, upon information and belief, transfers including the following (together with the Preferential Transfers, the "Fraudulent Transfers") were received by or for the benefit of Pannell, an insider of the Debtor, from funds of the Debtor on or about the dates set forth below:[10]

|     |            |                  |           |
|-----|------------|------------------|-----------|
| (a) | 10/31/2007 | Check No. 10280  | $595.99   |
| (b) | 10/09/2007 | Check No. 10260  | $795.99   |
| (c) | 10/04/2007 | Check No. 10247  | $595.98   |
| (d) | 09/06/2007 | Check No. 10225  | $795.99   |
| (e) | 08/07/2007 | Check No. 10195  | $795.99   |
| (f) | 07/05/2007 | Check No. 10164  | $795.99   |
| (g) | 06/06/2007 | Withdrawal       | $1,830.29 |
| (h) | 06/05/2007 | Check No. 10132  | $795.98   |
| (i) | 05/22/2007 | Check No. 10117  | $595.99   |
| (j) | 05/08/2007 | Check No. 10103  | $795.99   |

---

[10] See Exhibit C, Chase Bank Records 12/01/2006-10/31/2007.

| | | | |
|---|---|---|---|
| (k) | 04/23/2007 | Check No. 10088 | $595.99 |
| (l) | 04/09/2007 | Check No. 10075 | $835.27 |
| (m) | 03/30/2007 | Check No. 2653 | $50.00 |
| (n) | 03/23/2007 | Check No. 10062 | $595.99 |
| (o) | 03/13/2007 | Check No. 2646 | $200.00 |
| (p) | 03/09/2006[11] | | $7,000.00 |
| (q) | 03/06/2007 | Check No. 10049 | $195.99 |
| (r) | 02/26/2007 | Check No. 2617 | $600.00 |
| (s) | 02/22/2007 | Check No. 2611 | $271.29 |
| (t) | 02/21/2007 | Check No. 10038 | $536.03 |
| (u) | 02/08/2007 | Check No. 1022 | $1,345.98 |
| (v) | 02/06/2007 | Check No. 2595 | $1,000.00 |
| (w) | 01/08/2007 | Check No. 2564 | $1,000.00 |
| (x) | 01/08/2007 | Check No. 10009 | $1,345.99 |
| (y) | 12/21/2006 | Check No. 818 | $590.41 |
| (z) | 12/05/2006 | Check No. 805 | $1,025.21 |

## IV.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

**FRAUDULENT TRANSFERS PURSUANT TO SECTION 544
OF THE BANKRUPTCY CODE AND THE TEXAS UNIFORM FRAUDULENT
TRANSFER ACT ("TUFTA") SECTION 24.005**

20. Trustee hereby incorporates the allegations contained in paragraphs 1 through 19 as though they were repeated in full herein.

21. As described above, Pannell has received over $72,000.00 of the Debtor's funds in Fraudulent Transfers.

---

[11] See Exhibit E, 03/2006 Emails.

22. The Trustee brings claims on behalf of the Estate and its creditors pursuant to Section 24.005 of the TUFTA, as made applicable by Section 544 of the Bankruptcy Code. Section 24.005(a)(1) of TUFTA provides that a transfer is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay or default any creditor of the debtor.

23. Under Section 24.005(b) of TUFTA, a court may consider certain factors when determining the intent of a transferor, including, among others, whether a) the debtor retained possession or control of the property transferred after the transfer; b) the transfer was concealed; c) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; d) the transfer was of substantially all the debtor's assets; e) the debtor absconded; f) the debtor removed or concealed assets; g) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and h) the transfer occurred shortly before or shortly after a substantial debt was incurred.

24. Based on the above factors, Pannell clearly made the Fraudulent Transfers with actual intent to hinder, delay or defraud his creditors, such that the Fraudulent Transfers are fraudulent transfers pursuant to Section 24.005(a)(1) of TUFTA.

25. Consequently, the Trustee is entitled to avoidance of the Fraudulent Transfers to satisfy creditor claims pursuant to Sections 24.008(a)(1) and 24.009(b) of TUFTA and any other relief the circumstances may otherwise warrant pursuant to those sections.

26. Section 550 of the Bankruptcy Code allows the Trustee to recover the property transferred for the benefit of the Estate. Therefore, pursuant to Section 550 of the Bankruptcy Code, Pannell is liable for the Fraudulent Transfers.

27. Pursuant to Section 546 of the Bankruptcy Code and Section 24.010(a)(1) of TUFTA, the Trustee brings these claims within two years of the Petition Date, and the Petition

Date was within one year after the Fraudulent Transfers were or could reasonably have been discovered.

### B.  SECOND CAUSE OF ACTION

**FRAUDULENT TRANSFERS PURSUANT TO SECTION 544
OF THE BANKRUPTCY CODE AND THE TEXAS UNIFORM FRAUDULENT
TRANSFER ACT ("TUFTA") SECTION 24.006(a)**

28. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 27 as though they were repeated in full herein.

29. The Fraudulent Transfers were fraudulent under TUFTA because such transfers were made as to a creditor whose claim arose prior to the transfers or incurred the obligation prior to the transfers and:

   (a)  The Debtor failed to receive reasonably equivalent value in exchange for the transfer or obligation; and

   (b)  The Debtor was insolvent at that time, or in the alternative, became insolvent as a result of the transfer or obligation.

30. The Trustee is entitled to a determination and to declaratory relief that all such transfers are fraudulent and void, and to recover the above mentioned Fraudulent Transfers and other transfers, or the value of such property transferred, from Pannell as transferee of such transfers and/or for whose benefit such transfers were made; and/or as immediate or mediate transferee or such transfers.  *See* 11 U.S.C. § 550.

### C.  THIRD CAUSE OF ACTION

**FRAUDULENT TRANSFERS PURSUANT TO SECTION 544
OF THE BANKRUPTCY CODE AND THE TEXAS UNIFORM FRAUDULENT
TRANSFER ACT ("TUFTA") SECTION 24.006(b)**

31. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 30 as though they were repeated in full herein.

32. The Fraudulent Transfers made to or for the benefit of Pannell were fraudulent

9

under TUFTA because such transfers were made as to a creditor whose claim arose prior to the transfers or incurred the obligation prior to the transfers and:

  (a) The transfers were made to an insider for an antecedent debt;

  (b) The Debtor was insolvent at the time; and

  (c) Pannell had reasonable cause to believe that the Debtor was insolvent.

33. The Trustee is entitled to a determination and to declaratory relief that all such transfers are fraudulent and void, and to recover the above mentioned Fraudulent Transfers and other transfers, or the value of such property transferred, from Pannell as transferee of such transfers and/or for whose benefit such transfers were made; and/or as immediate or mediate transferee or such transfers.  *See* 11 U.S.C. § 550.

### D.  FOURTH CAUSE OF ACTION

### FRAUDULENT TRANSFERS PURSUANT TO SECTION 548 OF THE BANKRUPTCY CODE

34. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 33 as though they were repeated in full herein.

35. The Trustee submits that the Fraudulent Transfers were fraudulent transfers that may be avoided by the Trustee pursuant to Section 548 of the Bankruptcy Code.

36. The Fraudulent Transfers were made to or for the benefit of Pannell within two years before the date of the filing of the petition and

  (a) The Fraudulent Transfers were made with actual intent to hinder, delay, or defraud an entity or entities to which the debtor was or would become, on or after the date such transfer was made, indebted; or

  (b) The Debtor received less than equivalent value in exchange for the Fraudulent Transfers; and

      (i)      The Debtor was insolvent at the time the Fraudulent Transfers were made, or became insolvent as a result of the Fraudulent Transfers; or

      (ii)      The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which property remaining with the Debtor was an unreasonnably small capital; or

      (iii)      The Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured; or

      (iv)      The Fraudulent Transfers were made to or for the benefit of an insider employee outside the ordinary course of business.

37.    The Trustee is entitled to a determination and to declaratory relief that all such transfers are fraudulent and void, and to recover the above mentioned Fraudulent Transfers and other transfers, or the value of such property transferred, from Pannell as transferee of such transfers and/or for whose benefit such transfers were made; and/or as immediate or mediate transferee or such transfers. *See* 11 U.S.C. § 550.

### E.  FIFTH CAUSE OF ACTION

### PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547 OF THE BANKRUPTCY CODE

38.    The Trustee hereby incorporates the allegations contained in paragraphs 1 through 37 as though they were repeated in full herein.

39.    The Trustee submits that the Preferential Transfers were preferential payments that may be avoided by the Trustee pursuant to Section 547 of the Bankruptcy Code.

40.    The Debtor made some or all of the Preferential Transfers to Pannell or to others for Pannell's benefit within one year of the Petition Date; and

      (a)      Such transfers were made to or for the benefit of Pannell;

      (b)      Some or all of such transfers were made for or on account of an antecedent debt allegedly owed by the Debtor to Pannell before the transfers were made;

  (c) Such transfers were made while the Debtor was insolvent;

  (d) Pannell was an insider; and

  (e) Such transfers enabled Pannell to receive more than he would have received if (i) the case were a case under Chapter 7 of the Bankruptcy Code, (ii) the Fraudulent Transfers had not been made, and (iii) Pannell received payment of such debt to the extent provided by the Bankruptcy Code.

41. The Trustee is entitled to a determination and to declaratory relief that all such transfers are fraudulent and void, and to recover the above mentioned Preferential Transfers and other transfers, or the value of such property transferred, from Pannell as transferee of such transfers and/or for whose benefit such transfers were made; and/or as immediate or mediate transferee or such transfers.  *See* 11 U.S.C. § 550.

### F.  SIXTH CAUSE OF ACTION

### RECOVERY OF PROPERTY OR THE VALUE THEREOF UNDER SECTION 550 OF THE BANKRUPTCY CODE

42. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 41 as though they were repeated in full herein.

43. Pursuant to 11 U.S.C. § 550, to the extent that the Fraudulent Transfers are avoided under Sections 544, 547 or 548, the Trustee is entitled to recover, for the benefit of the Estate, the property transferred, or the value of such property from Pannell as transferee, a person for whose benefit the transfers were made, and mediate or immediate transferee.

### G.  SEVENTH CAUSE OF ACTION

### BREACH OF FIDUCIARY AND OTHER DUTIES

44. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 43 as though they were repeated in full herein.

45. By reason of his position as an officer, by reason of his position of trust and confidence, and by reason of his actual authority or control, Pannell owed fiduciary and other duties, including duties of care, loyalty and good faith, to the Debtor.

46. Pannell breached his duties in numerous ways by, *inter alia*, causing or allowing the Debtor to pay for unreasonable and/or personal purported "business expenses"; causing or allowing the Debtor to pay him and his wife excessive and unreasonable compensation; and generally looting the Debtor.

47. Pannell further caused or allowed the Debtor's money and resources to be diverted or transferred to Pannell and/or others for his benefit, and thereby engaged in improper self-dealing and conflicts of interest.

48. Pannell further failed to take appropriate and timely steps to collect the Debtor's accounts receivable. As a result, some or all of such amounts are now not collectible as a practical matter.

49. Pannell further conducted the business of the Debtor in a manner that he knew was unlawful, excessively risky, and likely to lead to the demise of the Debtor, and caused the Debtor to make fraudulent and otherwise improper transfers under Chapter 24 of the Texas Business and Commerce Code and other applicable law.

50. Such conduct by Pannell proximately caused significant damage to the Debtor and its creditors, and the Trustee is entitled to recover all such damages from Pannell.

51. Such conduct by Pannell was undertaken with a state of mind for which the law permits the imposition of exemplary damages, and the Trustee is entitled to recover exemplary damages from Pannell.

## H.  EIGHTH CAUSE OF ACTION

### GROSS NEGLIGENCE

52. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 51 as though they were repeated in full herein.

53. Pannell was grossly negligent and/or acted with reckless disregard in violation of his duties toward the Debtor.

54. Such conduct by Pannell proximately caused significant damage to the Debtor and its creditors, and the Trustee is entitled to recover all such damages from Pannell.

55. Such conduct by Pannell was undertaken with a state of mind for which the law permits the imposition of exemplary damages, and the Trustee is entitled to recover exemplary damages from Pannell.

## I.  NINTH CAUSE OF ACTION

### CONSTRUCTIVE FRAUD

56. The Trustee hereby incorporates the allegations contained in paragraphs 1 through 55 as though they were repeated in full herein.

57. Pannell engaged in constructive fraud on the Debtor through the acts and omissions set forth above.  Pannell was directly or indirectly in a position of control, authority and confidence with respect to the Debtor and its creditors, but acted in a manner so as to abuse the Debtor and its creditors for his own direct or indirect benefit.

58. The Trustee is entitled to recover from Pannell all actual damages proximately caused to the Debtor and its creditors by such constructive fraud.

59. Such conduct by Pannell was undertaken with a state of mind for which the law permits the imposition of exemplary damages, and the Trustee is entitled to recover exemplary damages from Pannell.

## V. PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor against Pannell as follows:

(f) avoiding each of the Preferential Transfers and Fraudulent Transfers for which the Trustee has sought avoidance and ordering the return to the Estate of the subject property and/or the value of the subject property;

(g) awarding damages plus the maximum allowable interest thereon;

(h) awarding the Trustee his costs of suit, including his reasonable attorney's fees; and

(i) awarding the Trustee such other and further relief, both at law and in equity, to which he is justly entitled.

Dated: October 28, 2010.

Respectfully Submitted,

**OKIN ADAMS & KILMER LLP**

By: /s/ *Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email: cadams@oakllp.com
Maggie D. Conner
Texas Bar No. 24038439
Email: mconner@oakllp.com
1113 Vine Street, Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**ATTORNEYS FOR THE CHAPTER 7 TRUSTEE**

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned notary public, on this day personally appeared Douglas J. Brickley, who is known to be the person making this verification, and, first being duly sworn according to law, upon his oath deposed and stated as follows:

"I, Douglas J. Brickley, Chapter 7 Trustee, the Plaintiff, for Alpha Red, Inc., the Debtor in the foregoing adversary proceeding am capable of making this verification. I hereby certify that I have read the foregoing Plaintiff's Original Verified Complaint and that to the best of my knowledge, information and belief, based in part on my first hand knowledge and in part upon information supplied to me by individuals with knowledge of the facts recited, the factual statements contained therein are true and correct. I make this statement under penalty of perjury."

_____
Douglas J. Brickley

SIGNED AND SWORN TO before me, the undersigned notary public, on the 26th day of October, 2010, to certify which witness my hand and official seal of office.

My commission expires:

2/17/2013

_____
Notary Public in and for the State of Texas

ALEXIS CATHRYN HAZEL
Notary Public, State of Texas
My Commission Expires
February 17, 2013

16