IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 08-37782 |
| | § | |
| ALPHA RED, INC., | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| DOUGLAS J. BRICKLEY, | § | |
| CHAPTER 7 TRUSTEE OF THE | § | |
| BANKRUPTCY ESTATE OF | § | |
| ALPHA RED, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY PROCEEDING |
| vs. | § | NO.  09-03072 |
| | § | |
| JAMES REED MCCREARY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328
OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF TEXAS INVESTIGATIVE NETWORK, INC.**

A HEARING WILL BE CONDUCTED IN THIS APPLICATION ON DECEMBER, 19TH, 2013 AT 10:00 A.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.   UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Douglas J. Brickley, the duly appointed chapter 7 trustee ("Trustee") of Alpha Red, Inc. ("Debtor"), files this Application for Order Pursuant to Section 327(a) and 328 of the Bankruptcy Code Authorizing the Employment and Retention of Texas Investigation Network, Inc. ("Application"), and in support thereof, respectfully submits as follows:

## I.
## JURISDICTION

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2.  On December 3, 2008 (the "Petition Date"), the Debtor initiated the above-referenced bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). [Doc. no. 1].

3.  On December 11, 2008, the Court entered an order appointing Mr. Brickley as Chapter 11 Trustee for the Debtor. [Doc. no. 29].

4.  Ultimately, the Trustee determined that the business was administratively insolvent and that the case should be converted to a case under chapter 7 of the Bankruptcy Code.  On December 23, 2008 (the "Conversion Date"), the Court entered an order converting the case to a case under chapter 7.  [Doc. no. 39]. The U.S. Trustee appointed Mr. Brickley as the Chapter 7 Trustee.  [Doc. no. 40].

5.      On February 9, 2009, the Trustee filed the above-captioned adversary proceeding against James Reed McCreary ("McCreary"), seeking, *inter alia,* to avoid and recover $2,776,000 in fraudulent transfers under the Texas Uniform Fraudulent Transfer Act.[1]  [Doc. no. 1, adversary action]. Specifically, the Trustee alleged in the adversary action that immediately prior to abandoning the Debtor, McCreary transferred more than $2.7 million from Debtor's Chase bank account to McCreary's personal bank account in Hong Kong.  [Doc. no. 1, adversary proceeding.]  The Trustee further alleged in the adversary proceeding that McCreary was the alter ego[2] of Debtor and, as such, he was individually liable for any judgment rendered in this proceeding.

6.      On May 28, 2009, the Trustee filed and recorded a Notice of Liz Pendens in the real property records of Montgomery County, Texas, where McCreary owned a home. This Court entered a default judgment ("Default Judgment") in the adversary proceeding on June 22, 2009 [Doc. no. 14, adversary action].  The default judgment imposed a $3,788,333 award against McCreary.[3]

7.      On March 12, 2010, the Trustee filed an Emergency Motion for Enforcement of Judgment, or in the alternative, Motion for Turnover of Property of the Estate, Request for Accounting and Application for Temporary Restraining Order and Preliminary Injunction (the "Turnover Motion") [Doc. no. 18, adversary proceeding], seeking, in part, turnover of certain funds identified by Trustee as

---

[1] Tex. Bus. & Com. Code Ann. § 24.005 (Texas Uniform Fraudulent Transfer Act), as made applicable by Section 544 of the Bankruptcy Code.

[2] McCreary was an 82 percent shareholder of the Debtor, as well as the Debtor's president and CEO.  [Doc. no. 1, adversary proceeding.]

[3] The Default Judgment was abstracted and recorded in the real property records of Harris and Montgomery Counties, Texas on July 14, 2009.

fraudulent transfers.[4]

8.      In response to the Trustee's Turnover Motion, the Court reopened the adversary proceeding and set a hearing on Trustee's Motion for Temporary Restraining Order for March 15, 2010 [Docket No. 20, adversary proceeding]. On the day of the hearing, Trustee and McCreary reached an agreement regarding the relief sought in the Motion for Temporary Restraining Order.  The parties' agreement, as reflected in the Agreed Order signed by this Court on March 17, 2010 [Docket No. 24, adversary proceeding], provided, *inter alia*, that McCreary was enjoined from transferring, alienating, encumbering or otherwise disposing of the funds contained in McCreary's Bank of China accounts, Standard Chartered Bank account and in Filebox's account(s) with Multibank in Panama.[5]  The Agreed Order also applied to any other account through which McCreary moved the funds.  The Agreed Order further provided that McCreary, upon prior approval of the Trustee, was authorized to use reasonable funds to operate Filebox.

9.      McCreary produced only limited information in response to Trustee's discovery requests with regard to account activity in early 2010 and did not produce any bank account information or documentation for the years 2008 and 2009.  Yet the eight fraudulent transfers totaling $2,776,000 that were the subject of Trustee's Original Complaint [Docket No. 1, adversary proceeding] and the Default Judgment entered in the adversary proceeding [Docket No. 14] were initially transferred from Debtor's accounts to McCreary's personal accounts in Hong Kong during September and October 2008.

10.     Counsel for Trustee took McCreary's deposition on March 2-3, 2010. In his deposition testimony, McCreary admitted to knowingly transferring $2,776,000 to his personal

---

[4]Trustee adopts and incorporates by reference herein the Turnover Motion in its entirety.

[5] Filebox is a company McCreary founded in December 2008.

4

HSBC bank account in Hong Kong.[6]   In explaining why he transferred the funds to his personal account in Hong Kong, McCreary acknowledged and admitted that the funds were property of the estate of Debtor.[7]   Specifically, McCreary testified that he "was trying to protect the assets of Alpha Red" by transferring the funds to his account because he feared that the other Alpha Red co-signers on the Chase account would drain Debtor's account.[8]

11.   McCreary later testified that, one or two months after the funds were transferred to his personal bank account in Hong Kong, he moved half of the funds to his Bank of China account and the other half to his Standard Chartered Bank account.[9]  Both accounts were opened at local branches of their respective banks in Hong Kong.[10]

12.   McCreary estimated that the current balance in the Bank of China account was "[l]ess than a hundred thousand."[11]   Similarly, McCreary estimated the current balance remaining in the Standard Chartered Bank account to be between $100,000 to $500,000.[12]

13.   Further, McCreary admitted that a "lion's share" of the funds at issue were invested in his Filebox company.[13]  Specifically, McCreary testified that "[c]lose to $1.5 million" was invested in Filebox.  *Id.*  McCreary also testified that Filebox has a corporate bank account

---

[6] (McCreary Dep. 123:12-19, Mar. 3, 2010.)   Trustee hereby incorporates by reference McCreary's previously filed deposition testimony.

[7] (McCreary Dep. 161:12-25.)

[8] *Id.*

[9] (McCreary Dep. 127:17-128:10.)

[10] (McCreary Dep. 128:11-129:6.)

[11] (McCreary Dep. 132:12-19.)

[12] (McCreary Dep. 134:4-18.)

[13] (McCreary Dep. 135:5-21.)

with Multi Bank in Panama, with a current balance of "less than a hundred thousand."[14]  Finally, McCreary testified that the Debtor had approximately $20,000 in an ePassporte account that he could not access because it may be in his wife's name.[15]

14.     Upon information and belief, McCreary lives in Panama, where he operates Filebox.  The Trustee has abstracted a lien against McCreary's $750,000.00 home in The Woodlands, but McCreary's lease of the house to tenants has prevented the Trustee from executing on the judgment.

15.     On or about August 15, 2013, Montgomery County sued McCreary over unpaid taxes in the amount of approximately $24,000 on McCreary's Woodlands home.  On or about November 13, 2013, the suit was noticed for dismissal for the reason that all taxes, penalty and interest had been paid.

16.     The Trustee seeks authorization to retain Texas Investigative Network, Inc. ("TIN") because he believes an investigation firm could determine from where the payment for the unpaid taxes came, and where the lease payments for lease of his Woodlands home are deposited and trace them to McCreary's other domestic and foreign bank accounts.[16]  In addition, the Trustee believes an investigator could determine sources of McCreary's funds and locate other of his bank accounts, among other things.  Generally, the Trustee seeks to retain TIN in order to locate the assets that McCreary owns that may be attached to satisfy the judgment.

---

[14] (McCreary Dep. 140:20-141:6.)

[15] (McCreary Dep. 152:2-19.)

[16] McCreary's sworn testimony revealed that the funds and/or the proceeds, product, offspring, reinvestment or redisposition of the Funds, are contained in the following assets: (a) McCreary's Bank of China savings account in Hong Kong, Account No. No. 012-916-0-076624-7; (b) McCreary's Bank of China checking account in Hong Kong, Account No. No. 012-916-9-246050-0; (c) McCreary's Standard Chartered Bank account in Hong Kong, Account No. 58019956598; (d) McCreary's Filebox company;

**III.**
**RETENTION OF TEXAS INVESTIGATIVE NETWORKS, INC.**

16.     By this Application, the Trustee respectfully requests entry of an order authorizing the retention of TIN to conduct an investigation on McCreary to locate assets he, upon information and belief, is diverting or has diverted from the Debtor's estate.  The Trustee wishes to retain TIN pursuant to the terms set forth in the Letter of Engagement that is attached to and incorporated by reference in this Application as **Exhibit A**.  The Trustee selected TIN to investigate McCreary because of its extensive experience in conducting investigations of this type.

17.      The Trustee respectfully submits that employment of TIN is necessary and appropriate and will maximize the value of the Property.

**IV.**
**TIN IS "DISINTERESTED"**

18.     Under §327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in §101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code.  11 U.S.C. §§ 101(14) and 327(a).

19.     To the best of the Trustee's knowledge, TIN is not a creditor or an insider of the Debtor, nor does he have any direct or indirect relationship to, connection with, or interest in the Debtor that would make his interests materially adverse to the interests of the estate or of any class of creditors or equity security holders.  Except as set forth in the Declaration of Bill Pellerin, which is attached to and incorporated by reference in this Application as **Exhibit B**, to

---

(e) Filebox's account(s) with Multibank in Panama, Account No. 10172100368; and (f) an ePassporte account of Debtor (the "Assets"). (McCreary Dep. 123:12-141:6.)

the best of the Trustee's knowledge, TIN does not have any connections with the Trustee, the Debtor, its creditors any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  Based upon the Declaration, the Trustee believes that TIN is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) and is therefore qualified to be employed pursuant to § 327(a) of the Bankruptcy Code.

**V.**
**<u>COMPENSATION</u>**

20.     TIN's compensation will be a flat fee of $8,660.00, which is expected to cover the cost of the investigation.  Any additional fees would not be incurred without Court approval. Trustee's contract with TIN is terminable at any time after payment of the above-referenced sum of $8,660.00.

21.     The Trustee requests that TIN not be required to file a fee application for the above compensation.  However, as set forth above, if work is required beyond that contemplated by the flat fee of $8,660.00, such work will not be commenced without Court approval.

**VI.**
**<u>PRAYER</u>**

WHEREFORE, the Trustee requests that this Court enter an order approving Employment and Retention of Texas Investigation Network, Inc. in this proceeding, and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 19th day of November, 2013.

8

**OKIN & ADAMS LLP**

By:   /s/ Christopher Adams_____
      Christopher Adams
      Texas Bar No. 24009857
      Email: cadams@okinadams.com
      Ruth E. Piller
      Texas Bar No. 00794461
      Email: rpiller@okinadams.com
      1113 Vine St. Suite 201
      Houston, TX  77002
      Tel: (713) 228-4100
      Fax: (888) 865-2118

**ATTORNEYS FOR CHAPTER 11 TRUSTEE DOUGLAS J. BRICKLEY**

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing pleading and all attachments thereto were served on the 19th day of November, 2013 upon all entities identified on the attached Service List through First Class Mail.

**Dated:** November 19, 2013

   /s/ Christopher Adams
   Christopher Adams